WIGGINTON, Acting Chief Judge
(specially concurring).
The majority opinion holds that under the facts established by the evidence in this case the burden rested upon the donee Kuhner to prove the element of donative intent. This holding may be considered to be in conflict with the rule announced by the Supreme Court in Spark v. Canny, supra, to the effect that the establishment of a joint account with right of survivor-ship creates a presumption of gift, which presumption may be rebutted by clear and convincing evidence to the contrary. It is my view, however, that the proof adduced by the appellant in this case was sufficiently •clear and convincing to not only overcome the presumption of gift which arises by virtue of the establishment of the bank accounts, but is likewise sufficient to rebut the evidence adduced by appellee as proof of donative intent. It is for this reason that I concur in the able opinion authored by Judge RAWLS.